OPINION
Hoffman, P.J.
Defendant-appellant Mullinax Ford appeals the April 6, 2000 Judgment Entry of the Canton Municipal Court, which vacated the March 8, 2000 Report of Referee and granted judgment in favor of plaintiff-appellee William L. Spry.
 STATEMENT OF THE FACTS AND CASE
On February 11, 2000, appellee filed a small claims complaint in the Canton Municipal Court, naming appellant as the defendant. Appellee alleged appellant owed him the sum of $2,364.40, which represented vacation pay earned during appellee's employment with appellant, but which appellant refused to pay at the termination of said employment. In the Report of Referee filed March 8, 2000, the magistrate found in favor of appellant. The magistrate determined appellant's refusal to pay appellee for vacation accruing from July, 1998, to March, 1999, was in accordance with the employee handbook and did not appear to be a prohibited forfeiture. Appellee filed a timely objection to the magistrate's report. The trial court conducted a hearing on the objection on April 5, 2000. Via Judgment Entry filed April 6, 2000, the trial court vacated the magistrate's March 8, 2000 report, noting its disagreement with the magistrate's proposition of law. The trial court found appellee provided a substantial service to appellant between July 6, 1998, and April 2, 1999, which entitled him to $2,231.60 as vacation pay. Pursuant to this finding, the trial court granted judgment in favor of appellee and against appellant. It is from this judgment entry appellant appeals, raising as its sole assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING AS A MATTER OF LAW THAT IN THE ABSENCE OF A BINDING CONTRACTUAL PROVISION, AN EMPLOYEE IS ENTITLED TO VACATION PAY SINCE HE PROVIDED A SUBSTANTIAL SERVICE TO THE EMPLOYER.
 I
Herein, appellant contends the trial court erred as a matter of law in finding appellee was entitled to vacation pay in the absence of a binding contractual provision. The employee handbook, which was the sole piece of documentary evidence states: PAID VACATION.
All full-time employees are eligible for paid vacation after each full year of continuous employment. The length of the vacation depends on your years of service.
The vacation schedule is:
 after 1 year of service — 1 week after 2 years of service — 2 weeks
All vacations must be taken within one year of the date it is earned and may not be carried forward to future years. Vacation time is given to employees so that they are better able to perform their jobs when they return. For this reason, we strongly encourage employees to take their vacations.
Vacation pay for non-salary employees will be paid on the employee's anniversary date of employment. Vacation pay for salaried employees will be the continuous of their regular pay, while taking vacation time off. Salaried employees not taking vacation time off are not eligible for additional pay. All vacations must be scheduled and approved by your Department Manager as far in advance as possible.
Appellant maintains, pursuant to its policy, an employee is not entitled to vacation pay until the anniversary date of his employment. Because the anniversary date of appellee's employment was July 6, 1999, and appellee voluntarily terminated his employment with appellant on April 2, 1999, appellant asserts appellee was not working on his anniversary date; therefore he was not entitled to vacation pay. In the instant action, the trial court found appellee was a seven year employee of appellant, and appellee had provided a substantial service to appellant between July 6, 1998, and April 2, 1999; therefore, appellee was entitled to $2,231.60 for unpaid vacation. The trial court also found the employee handbook to be ambiguous. Unlike the trial court, we find no ambiguity in the handbook. The handbook clearly states a full-time employee is "eligible for paid vacation after each full year of continuous employment." (Emphasis added). Pursuant to this language, an employee is entitled to receive paid vacation only after the completion of each full year of employment. Appellant's written policy does not include a provision for a pro rata award. Because appellee had not been employed for a full year since his last anniversary date, he was not entitled to any pro rata vacation pay, despite any substantial service rendered prior to that date. For similar result see, Ammons v. Akromold, Inc. (May 20, 1998), Summit App. No. 18641, unreported. Appellant's sole assignment of error is sustained. The judgment of the Canton Municipal Court is reversed.
Hoffman, P.J. Farmer, J. and Reader, V.J. concur